# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Kelvin Laneil James,

          Petitioner

v.

Julie Williams, et al.,

          Respondents

Case No. 2:25-cv-00175-CDS-BNW

**Order Dismissing Petition Without Prejudice**

[ECF No. 1-1]

      Petitioner Kelvin Laneil James, a pro se Nevada prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1-1. James has not properly commenced this habeas action by paying the standard $5.00 filing fee or filing an application for leave to proceed *in forma pauperis* ("IFP"). Upon initial review of this matter, I dismiss this action as premature.

      A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

      James is serving a sentence of 96 to 240 months for a conviction for voluntary manslaughter with use of a deadly weapon under a judgment entered by the Eighth Judicial District Court in Clark County, Nevada, in October of 2016.[1] James's federal petition alleges he is

---

[1] I take judicial notice of James's other cases brought in this Court under 28 U.S.C. § 2254: Case No. 2:24-cv-00286-ART-CSD; Case No. 2:24-cv-01652-RFB-NJK (dismissed as duplicative); Case No. 2:24-cv-02402-APG-EJY (dismissed on January 1, 2025). I further take judicial notice of James's prisoner-related cases: Case No. 2:24-cv-00740-RFB-BNW (terminated on December 12, 2024); Case No. 2:24-cv-00889-JAD-BNW; Case No. 2:24-cv-01871-JAD-BNW; Case No. 2:24-cv-02200-GMN-DJA; and Case No. 2:25-cv-00082-ART-NJK.

entitled to the application of "good time" credits toward his minimum sentence under the state statutes applicable at the time of his offense and denial of the credits violates the Ex Post Facto Clause of the Constitution. ECF No. 1-1 at 3 (citing *Weaver v. Graham*, 450 U.S. 24, 28 (1981)).

It appears that James is presently pursuing his challenge to the computation of his credits in the state courts. James filed a state postconviction petition for writ of habeas corpus challenging the computation of time, appealed the denial of that petition, and briefing for the appeal is apparently underway.[2] The resolution of James's challenge to the computation of time in his state postconviction proceedings could render any federal petition moot. Therefore, I will dismiss the petition without prejudice to James filing a new petition, with a new case number, accompanied by either the filing fee or a complete *IFP* application.[3]

I therefore order that petitioner Kelvin Laneil James's petition for writ of habeas corpus under 28 U.S.C. § 2254 **[ECF No. 1-1] is dismissed without prejudice**.

I further order that a Certificate of Appealability is denied as jurists of reason would not find the dismissal debatable or wrong.

I further order that the Clerk of Court (1) add Aaron D. Ford, Nevada Attorney General, as counsel for respondents; (2) file and electronically serve the petition (ECF No. 1-1) on respondents, for informational purposes only; and (3) close this case.

Dated: February 4, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] I take judicial notice of the publicly-available dockets for the Eighth Judicial District Court in Clark County, Nevada, Case No. A-24-896896-W, Click here for the case information search page, and the Supreme Court of Nevada, Case No. 89634, 89634: Case View.

[3] I make no determination whether James's claims in his Petition are cognizable or whether he can overcome potentially applicable procedural bars to a federal writ of habeas corpus should the state courts deny relief.