UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Kelvin Laneil James,

        Petitioner

v.

Julie Williams, et al.,

        Respondents

Case No. 2:25-cv-00175-CDS-BNW

**Superseding Order Dismissing Petitions and Denying Motion for Leave to Proceed *In Forma Pauperis* Without Prejudice**

[ECF No. 1-1, 4, 5]

        Petitioner Kelvin Laneil James, a pro se Nevada prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1-1.) This Court dismissed the petition without prejudice as premature. ECF No. 3. Before entry of judgment, however, James again filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 4) and a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 5). James has not properly commenced this habeas action by paying the standard $5.00 filing fee or filing a complete IFP application. Moreover, as stated in the previous order, upon initial review of this matter, this action will be dismissed as premature.

I.      Incomplete IFP Application

        Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize a person to begin an action without prepaying fees and costs if the person demonstrates poverty through an IFP application. A prisoner's IFP application must be submitted on the appropriate Court form and include the following specific financial information: (1) a certified copy of the prisoner's account statement for the six-month period before filing, (2) a financial certificate signed by the prisoner <u>and</u> an authorized prison official, and (3) the prisoner's financial acknowledgement confirming under the penalty of perjury that the financial information is true. 28 U.S.C. § 1915; LSR 1-1, LSR 1-2.

Here, James requested IFP status to waive his filing fee; however, he failed to submit two required attachments for his IFP application: (1) a certified copy of his inmate trust account statement for the six-month period preceding this habeas action; and (2) a financial certificate signed by James <u>and</u> by an authorized officer at the High Desert State Prison. Thus, James's IFP application lacks the appropriate financial information and documentation required by § 1915(a) and the Local Rules and is therefore denied without prejudice.

II.      **Premature Action**

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).

James is serving a sentence of 96 to 240 months for a conviction for voluntary manslaughter with use of a deadly weapon under a judgment entered by the Eighth Judicial District Court in Clark County, Nevada, in October of 2016.[1] James's federal petition alleges he is entitled to the application of "good time" credits toward his minimum sentence under the state statutes applicable at the time of his offense and denial of the credits violates the Ex Post Facto Clause of the Constitution. ECF No. 1-1 at 3 (citing *Weaver v. Graham*, 450 U.S. 24, 28 (1981)).

It appears that James is presently pursuing his challenge to the computation of his credits in the state courts. James filed a state postconviction petition for writ of habeas corpus challenging

---

[1] I take judicial notice of James's other cases brought in this Court under 28 U.S.C. § 2254: 2:24-cv-00286-ART-CSD; 2:24-cv-01652-RFB-NJK (dismissed as duplicative); 2:24-cv-02402-APG-EJY (dismissed on January 1, 2025). I further take judicial notice of James's prisoner-related cases: 2:24-cv-00740-RFB-BNW (terminated on December 12, 2024); 2:24-cv-00889-JAD-BNW; 2:24-cv-01871-JAD-BNW; 2:24-cv-02200-GMN-DJA; and 2:25-cv-00082-ART-NJK.

the computation of time, appealed the denial of that petition, and briefing for the appeal is apparently underway.[2] The resolution of James's challenge to the computation of time in his state postconviction proceedings could render any federal petition moot. Therefore, I will dismiss the Petition without prejudice to James filing a new petition, with a new case number, accompanied by either the filing fee or a complete IFP application.[3]

III.     Conclusion

I therefore order that petitioner Kelvin Laneil James's motion for leave to proceed *in forma pauperis* **[ECF No. 5] is denied without prejudice**.

I further order that the petitions for writ of habeas corpus brought under 28 U.S.C. § 2254 **[ECF Nos. 1-1 and 4] are dismissed without prejudice**.

I further order that a certificate of appealability is denied as jurists of reason would not find the dismissal debatable or wrong.

The Clerk of Court is kindly directed to add Aaron D. Ford, Nevada Attorney General, as counsel for respondents and file and electronically serve the petitions (ECF Nos. 1-1 and 4) on respondents, for informational purposes only.

The Clerk of Court is kindly instructed to withdraw the email notice (NEF) sent to the U.S. Court of Appeals, Ninth Circuit. *See* ECF No 6.

The Clerk of Court is further instructed to enter judgment, accordingly, dismissing this action without prejudice, and close this case.

Dated:  February 14, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] I take judicial notice of the publicly-available dockets for the Eighth Judicial District Court in Clark County, Nevada, Case No. A-24-896896-W, Click here for the case information search page, and the Supreme Court of Nevada Case No. 89634, 89634: Case View.

[3] I make no determination whether James's claims in his Petition are cognizable or whether he can overcome potentially applicable procedural bars to a federal writ of habeas corpus should the state courts deny relief.

3